UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GURVINDER SINGH,<br>Petitioner,<br>v.<br>TONYA ANDREWS,<br>Respondents. | No. 1:26-cv-06388-DC-JDP (HC)<br><br><u>ORDER GRANTING PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PETITION FOR WRIT OF HABEAS CORPUS</u><br><br>(Doc. Nos. 1, 2) |

This matter is before the court on Petitioner's motion for a temporary restraining order (Doc. No. 2), filed in conjunction with his petition for a writ of habeas corpus brought under 28 U.S.C. § 2241, challenging his ongoing immigration detention. (Doc. No. 1.)

Noncitizens present without admission who are apprehended in the interior of the United States are subject discretionary detention under 8 U.S.C. § 1226, not mandatory detention under § 1225(b)(2)(A). *See Ramon Rodriguez Vazquez v. Drew Bostock, et al.*, No. 25-6842, 2026 WL 2196424, at *3 (9th Cir. July 30, 2026). Further, this court has previously addressed the legal issues raised by Count Two of the petition. (Doc. No. 1 at 17–19.) Specifically, this court has found that the Due Process Clause requires that, in order for the government to re-detain a noncitizen who has been previously released on bond or conditional parole under 8 U.S.C. § 1226(a), or humanitarian parole under 8 U.S.C. § 1182(d)(5), the government must provide a pre-deprivation bond hearing before a neutral arbiter at which the noncitizen's eligibility for bond

must be considered. *See Selis Tinoco v. Noem*, 818 F. Supp. 3d 1141 (E.D. Cal. Dec. 14, 2025) (granting motion for temporary restraining order and immediate release of the petitioner based on his likelihood of success on the merits of his due process claim); *Labrador-Prato v. Noem*, 815 F. Supp. 3d 1113 (E.D. Cal. Dec. 2, 2025) (same); *D.L.C. v. Wofford*, 1:25-cv-01996-DC-JDP, 2026 WL 25511 (E.D. Cal. Jan. 5, 2026) (same); *Altin v. Chestnut*, No. 1:26-cv-00792-DC-CSK, 2026 WL 309563 (E.D. Cal. Feb. 5, 2026) (granting motion for temporary restraining order and habeas petition as to the petitioner's due process claim).

On August 11, 2026, the court issued an order informing the parties that it was considering ruling directly on the petition and asking both parties whether they oppose simultaneous resolution of the motion for temporary restraining order and habeas petition. (Doc. No. 5.) The court also directed Respondents to address whether there are any factual or legal issues in this case that materially distinguish it from this court's prior orders in *Selis Tinoco*, *Labrador-Prato*, and *D.L.C.* (*Id.*) On August 13, 2026, Respondents filed their opposition to Petitioner's motion for a temporary restraining order. (Doc. No. 6.) The following day, Petitioner filed his reply. (Doc. No. 7.) Neither party opposes the court ruling on the underlying petition as to Count Two. (Doc. Nos. 6 at 2; 7 at 10.)

In their opposition, Respondents oppose Petitioner's motion on the same grounds as those addressed by the court in the aforementioned cases, but acknowledge that, under the binding precedent set forth under *Rodriguez Vazquez*, Petitioner's detention is governed by § 1226(a). (Doc. No. 6.) Respondents also assert that this case is distinguishable from *Selis Tinoco*, *Labrador-Prato*, and *D.L.C.* because Petitioner was detained on August 8, 2026, for violating the conditions of his prior release on an order of recognizance when he was arrested for public intoxication on July 28, 2026. (*Id.* at 1.) However, Respondents do not address Petitioner's assertions in his petition that no charges were filed against him and that Respondents did not notify Petitioner that he had violated any conditions of release until he voluntarily appeared at an ICE check-in on August 8, 2026. (Doc. No. 1 at 5, 12, 15.) Petitioner also emphasizes that for nearly three years, Petitioner had "appeared for every ICE appointment, complied with every ATD requirement, maintained his known residence and employment, remained continuously

available to DHS," and maintained familial, community, and employment ties in the United States. (*Id.* at 5.) Further, Petitioner highlights that Respondents do not "identify any exigency that made pre-deprivation process impracticable." (Doc. No. 7 at 5–6.) Indeed, Respondents do not argue that Petitioner's arrest for public intoxication, for which no criminal charges have been filed, "was characterized by urgent concerns or [necessitated] quick action," or otherwise created an "especially strong government interest necessary to justify detention without a pre-deprivation hearing." *See Jesus Enrique Abreu Ferrer v. Jeremy Casey, Warden, Imperial Reg'l Det. Ctr., et al.*, No. 26-cv-4103-GPC-MSB, 2026 WL 2273114, at *4 (S.D. Cal. Aug. 6, 2026) (citation modified) (granting habeas relief and ordering immediate release upon finding that the petitioner's "disputed arrest record and conviction for misdemeanor disorderly conduct do not create the especially strong government interest necessary to justify detention without a pre-deprivation hearing" where the petitioner was detained by ICE for violating his conditions of release immediately after he was released from custody stemming from his pleading guilty to disorderly conduct.) Thus, Respondents' allegations do not support a reasonable inference that changed circumstances warranted Petitioner's urgent immigration detention such that a post-deprivation bond hearing, rather than release, would be the proper remedy in this matter.

Because Respondents have not made any new legal arguments and have not identified any factual or legal issues in this case that would materially distinguish it from the court's aforementioned prior decisions, the court will grant Petitioner's motion for temporary restraining order (Doc. No. 2) and petition for writ of habeas corpus (Doc. No. 1) as to Count Two for the reasons set forth in the court's order in *Altin*.[1] Further, as the court found in *Altin*, the proper remedy for Respondents' failure to provide Petitioner with a constitutionally compliant pre-

[1] Because the court is granting the petition on the due process claim (Count Two), the court need not address any additional grounds raised in the petition. *See N.K. v. Noem*, No. 1:26-cv-00292-KES-SAB (HC), 2026 WL 130345, at *1 (E.D. Cal. Jan. 16, 2026) (granting habeas petition as to the second count of the petition and not addressing other counts because the petitioner was entitled to the relief sought based on the court's ruling as to that second count); *Constantinovici v. Bondi*, 806 F. Supp. 3d 1155, 1166 (S.D. Cal. Oct. 10, 2025) (granting habeas petition based on due process claim and "declin[ing] to address the remaining grounds in the Petition for seeking release").

deprivation bond hearing is Petitioner's immediate release. *Id.* at 12–13.

Accordingly,

1. Petitioner's petition for writ of habeas corpus (Doc. No. 1) and motion for a temporary restraining order (Doc. No. 2) are GRANTED as follows:

   a. Petitioner Gurvinder Singh (A-245-230-481) shall be released immediately from Respondents' custody with the same conditions he was subject to immediately prior to his detention on August 8, 2026. Respondents shall not impose any additional restriction on him, such as electronic monitoring, unless that is determined to be necessary at a future pre-deprivation/custody hearing;

   b. If the government seeks to re-detain Petitioner, it must provide no less than seven (7) days' notice to Petitioner and must hold a pre-deprivation bond hearing before a neutral arbiter, at which Petitioner's eligibility for bond must be considered; and

   c. This order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal and Petitioner receives notice of that final order of removal;

2. The Clerk of the Court is directed to serve a copy of this order on the Golden State Annex Detention Facility; and

3. The Clerk of the Court is directed to enter judgment for Petitioner and close this case.

IT IS SO ORDERED.

Dated: **August 14, 2026**

Dena Coggins
United States District Judge